An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

NICOLE D'ALONZO F/K/A NICOLE
FOREST
Appellant,
vs.
JASON FOREST,
Respondent.

No. 59573

FILED

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from post-decree district court orders granting a motion to modify child custody. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

"Matters of custody, including visitation, rest in the district court's sound discretion. This court will not disturb the district court's child custody determination absent a clear abuse of discretion." Martin v. Martin, 120 Nev. 342, 344-45, 90 P.3d 981, 983 (2004) (footnote omitted), abrogated on other grounds by Ellis v. Carucci, 123 Nev. 145, 161 P.3d 239 (2007). "[M]odification of primary physical custody is warranted only when (1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the child's best interest is served by the modification." Ellis, 123 Nev. at 150, 161 P.3d at 242. The custodial parent's interference with a noncustodial parent's visitation and other rights may constitute changed circumstances, if the interference rises to

SUPREME COURT
OF
NEVADA

(O) 1947A

10 - 04979

the level of being substantial or pervasive. <u>Martin</u>, 120 Nev. at 345, 90 P.3d at 983.

After the divorce decree was entered, appellant, who had primary physical custody of the parties' two minor children, moved with the children to Ohio, and respondent, who had visitation rights, remained in Las Vegas. This appeal arises from respondent's motion to change the custody arrangement to grant him primary physical custody of the children.

After a hearing, the district court found, among other things, that expert testimony indicated that appellant exhibited personality traits that inhibited her ability to effectively co-parent the children or communicate with respondent. The district court had previously issued orders with admonishments to both parents setting forth consequences for violating the court's orders regarding child custody and visitation. Appellant continued to ignore the orders and attempted to minimize respondent's court-ordered visitation, while respondent had altered his behavior to comply with the orders. Expert testimony indicated that the children were suffering due to their parents' inability to cooperate. The ongoing conflict between the parents adversely impacted the children and had risen to a level that constituted changed circumstances. The district court further found that it is in the children's best interests that respondent be granted primary physical custody, appellant be granted liberal visitation rights, the parties communicate through a parenting coordinator, the children continue to see a therapist, and that measures be put in place to facilitate the children's communication and relationship with appellant.

After reviewing the record, transcripts,[1] and appellant's arguments in this case, we conclude that substantial evidence supports the district court's findings of fact and that the district court acted within its discretion by granting respondent primary physical custody of the children. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. William S. Potter, District Judge, Family Court Division
        Nicole D'Alonzo
        Gallian Wilcox Welker Olson & Beckstrom, LC
        Eighth District Court Clerk

---

[1]Appellant requested that certain limited portions of the hearing be transcribed and provided to this court. It is appellant's duty to provide this court with any and all material that would support her case on appeal. NRAP 30(b)(3). Therefore, this court must presume that the portions of the transcript that were not provided to this court would support the district court's decision. Cuzze v. Univ. & Cmty. Coll. Sys. of Nev., 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

[2]We have considered appellant's other arguments on appeal and conclude that they do not warrant reversal.